UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 9380671 CANADA INC., <br><br> Plaintiff, <br><br> -against- <br><br> COSTCO WHOLESALE CORPORATION, LCC ENTERPRISES, INC. and CUSTOM COOLER, INC., <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> ECF Case |

Plaintiff 9380671 Canada Inc., by and through its undersigned attorneys, McGlinchey Stafford, PLLC and Vandenberg & Feliu, LLP, as and for its Complaint against Defendants Costco Wholesale Corporation, LCC Enterprises, Inc. and Custom Cooler, Inc. herein, hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by each of the above-named Defendants of one or more claims of U.S. Patent No. 8,074,943 B2 (the "'943 Patent" or the "Patent-in-Suit"). Plaintiff 9380671 Canada Inc. ("CI" or "Plaintiff") owns the '943 Patent. The United States patent laws grant the owner of a patent the right to exclude others from making, using, selling, offering for sale or importing the invention claimed in a patent, to recover damages for an infringer's violations of those rights, to obtain injunctive relief restraining the infringer from violations of those rights, and to recover treble damages where the infringer willfully infringed the patent. Under 35 U.S.C. § 282(a), the '943 Patent is entitled to a presumption of validity. CI is suing Defendants for infringing its patent, and has reason to believe that at least some of the Defendants are doing

1520323.1

so willfully. CI seeks to recover damages and injunctive relief from Defendants by reason of their infringement.

## PARTIES

2. Plaintiff CI is a corporation duly organized and existing under the laws of the Province of Quebec, Canada, having its principal place of business at 17 Rue des Mandrills, Ste-Marguerite-Du-Lac-Masson, Quebec City J0T 1L0 Canada.

3. Upon information and belief, Defendant Costco Wholesale Corporation ("Costco") is a corporation duly organized and existing under the laws of the State of Washington, having its principal place of business at 999 Lake Drive, Issaquah, Washington 98027. Upon information and belief, Costco is a membership-only warehouse club, with 186,000 employees in its approximately 672 retail warehouses in North America, Asia, Australia and Europe. Upon information and belief, Costco is also the third-largest retailer in the United States, realizing revenues in excess of $112 billion in 2014 and operating some 474 warehouses located in 43 states and Puerto Rico. At least 13 such retail warehouses are located in New York State, five of which are located within this judicial district.

4. Upon information and belief, Defendant LCC Enterprises, Inc. ("LCC") is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 420 East Arrow Highway, San Dimas, California 91773. Upon information and belief, LCC is engaged in the business of importing heating, cooling and refrigeration products and devices and other goods and offering such goods for sale and selling them in the United States.

5. Upon information and belief, Defendant Custom Cooler, Inc. ("Custom Cooler," and collectively with Costco and LCC, "Defendants") is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 420

1520323.1

East Arrow Highway, San Dimas, California 91773. Upon information and belief, Custom Cooler is engaged in the business of custom design, engineering, manufacturing and installation of walk-in coolers, walk-in freezers and industrial cold storage applications throughout the United States.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant Costco pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3). Upon information and belief, this Court has general jurisdiction over Costco based on its continuous and systematic conduct within New York, including, *inter alia*, Costco's continuous contacts with, and sales to, customers in New York, and importation of products into New York. Upon information and belief, Costco is also subject to the specific jurisdiction of this Court because, *inter alia*, Costco has committed acts of patent infringement alleged in this Complaint within the State of New York and elsewhere, causing injury within the state. In short, this Court's exercise of *in personam* jurisdiction over Costco would be consistent with the New York long-arm statute and traditional notions of fair play and substantial justice.

8. This Court has personal jurisdiction over Defendant LCC pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3). Upon information and belief, this Court has general jurisdiction over LCC based on its continuous and systematic conduct within New York, including, *inter alia*, LCC's continuous contacts with, and sales to, customers in New York, and importation of products into New York. Upon information and belief, LCC is also subject to the specific jurisdiction of this Court because, *inter alia*, LCC has committed acts of patent infringement alleged in this Complaint within the State of New York and elsewhere, causing

injury within the state. In short, this Court's exercise of *in personam* jurisdiction over LCC would be consistent with the New York long-arm statute and traditional notions of fair play and substantial justice.

9. This Court has personal jurisdiction over Defendant Custom Cooler pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3). Upon information and belief, this Court has general jurisdiction over Custom Coolers based on its continuous and systematic conduct within New York, including, *inter alia*, Custom Cooler's continuous contacts with, and sales to, customers in New York, and importation of products into New York. Upon information and belief, Custom Cooler is also subject to the specific jurisdiction of this Court because, *inter alia*, Custom Cooler has committed acts of patent infringement alleged in this Complaint within the State of New York and elsewhere, causing injury within the state. In short, this Court's exercise of *in personam* jurisdiction over Custom Cooler would be consistent with the New York long-arm statute and traditional notions of fair play and substantial justice.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, *inter alia*, infringement of the Patent-in-Suit has occurred and is occurring in this judicial district, and Defendants Costco, LCC and Custom Cooler are foreign entities subject to *in personam jurisdiction* in this judicial district.

## FACTUAL BACKGROUND

11. As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the "United States" means "the United States of America, its territories and possessions."

12. The '943 Patent is entitled "Pipe Protector," and was issued on December 13, 2001.

1520323.1

4

13. The invention of the Patent-in-Suit generally relates to pipe support systems with applications, *inter alia*, in the installation and support of pipes in various types of buildings and, in particular, pipes utilized for air conditioning, refrigeration and heating.

14. Martin Boudreau and Jean-Pierre Thibault (collectively, the "Inventors") invented the technology claimed in the Patent-in-Suit.

15. Upon information and belief, each of the Defendants manufacturers, uses, sells, offers to sell and/or replicates pipe supports and pipe support systems. Upon information and belief, at least some of the pipe supports and pipe support systems currently replicated, manufactured, used, sold and/or offered for sale by each of the Defendants use the technology of the Patent-in-Suit.

16. At a trade show in or about 2007, Martin Boudreau, one of the Inventors, told Sangyup S. ("Steve") Lee, a principal of Defendants LCC and Custom Cooler, that he had reason to believe Custom Cooler's pipe protectors infringed the Patent-in-Suit. In addition, by correspondence, including letters datedDecember 23, , 2015, CI notified each of the Defendants of the existence of the Patent-in-Suit and each Defendant's infringement thereof.

17. Accordingly, and on information and belief, each of the Defendants has received notice of the Patent-in-Suit, and of their infringement thereof.

**COUNT 1: INFRINGEMENT OF THE PATENT-IN-SUIT BY ALL DEFENDANTS**

18. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17 hereof as though fully set forth herein.

19. On December 13, 2011, the United States Patent and Trademark Office duly and lawfully issued the '943 Patent, entitled "Pipe Protector," based upon an application filed by the Inventors, Martin Boudreau and Jean-Pierre Thibault. A true copy of the '943 patent is attached hereto as Exhibit A.

1520323.1

5

20. The Inventors assigned all right, title and interest in and to the '943 Patent to CI by Memorandum of Agreement of Sale of Assets datedSeptember 8, 2015 (the "Assignment"). Pursuant to the Assignment, the Inventors assigned, *inter alia*, the right to sue infringers for past infringement. Thus, CI is the owner by assignment of the Patent-in-Suit and has the right to sue and recover damages for infringement thereof.

21. Upon information and belief, each of the Defendants has been and is now directly infringing one or more claims of the Patent-in-Suit including, without limitation, at least claims 1 through 5 of the '943 Patent, by making, using, importing, providing, supplying, distributing, selling and/or offering to sell infringing products and is, therefore, liable to Plaintiff pursuant to 35 U.S.C. § 271. Defendant's infringing products include, but are not limited to, at least several different plastic pipe protectors.

22. Among other things, upon information and belief, LCC and/or Custom Cooler import, supply, distribute, sell and/or offer to sell infringing pipe protectors to customers throughout the United States.

23. Among other things, upon information and belief, Costco has installed or caused to be installed infringing products in warehouse locations it operates, including plastic pipe protectors used to support refrigerated pipes in those warehouse locations.

24. Each of the Defendants is therefore liable for direct infringement of the Patent-in-Suit pursuant to 35 U.S.C. § 271(a).

25. Upon information and belief, each of the Defendants also indirectly infringes under 35 U.S.C. § 271(b) by way of inducing others, including its customers and/or agents or third-parties, to make, use, import, provide, supply, distribute, sell and/or offer to sell products that infringe one or more claims of the Patent-in-Suit in the United States generally, and in the Southern District of New York in particular. More specifically, upon information and belief,

1520323.1

6

each Defendant has knowledge of the Patent-in-Suit, and intends to induce its customers and/or agents or third-parties to infringe the patent through its sales, offers for sale, and instructions and specifications provided to those customers, including but not limited to those relating to the replication of the invention claimed in the '943 Patent. Each Defendant understands that such actions amount to infringement. Upon information and belief, end users have used, and continue to use, the invention claimed in the '943 Patent in an infringing manner.

26. The acts of infringement by Defendants have caused and will continue to cause damage to Plaintiff. CI is entitled to recover damages from each of the Defendants in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284. The full measure of damages sustained as a result of Defendants' wrongful acts will be proven at trial.

27. Defendants have infringed and continue to infringe the '943 Patent despite an objectively high likelihood that their actions constitute infringement of Plaintiff's valid patent rights. Upon information and belief, each of the Defendants knew of or should have known of this objectively high risk at least as early as its receipt of this Complaint and/or when it became aware of the Patent-in-Suit or earlier. Thus, Defendant's infringement of the Patent-in-Suit has been and continues to be willful.

28. Plaintiff intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and treble damages under 35 U.S.C. § 284 as well as its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

29. Upon information and belief, the acts of infringement by Defendants will continue unless enjoined by this Court. Plaintiff has been and will be irreparably harmed and damaged by the acts of infringement of the Patent-in-Suit by each of the Defendants and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CI prays for the judgment in its favor against Defendants Costco, LCC and Custom Cooler granting Plaintiff CI the following relief:

A. Entry of judgment in favor of Plaintiff CI against all Defendants on all counts;

B. Entry of judgment that Defendants Costco, LCC and Custom Cooler have infringed the Patent-in-Suit;

C. Entry of judgment that each Defendant's infringement of the Patent-in-Suit has been willful;

D. An order permanently enjoining Defendants Costco, LCC and Custom Cooler, together with their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, from infringing the Patent-in-Suit;

E. An award of compensatory damages adequate to compensate Plaintiff CI for each Defendant's infringement of the Patent-in-Suit, and in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

F. An award of Plaintiff CI's costs;

G. An award of pre-judgment and post-judgment interest on Plaintiff's award; and

H. All such other and further relief as the Court deems just or equitable.

1520323.1

8

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated: New York, New York
       December 24, 2015

By: _/s/ John C. Ohman_
John C. Ohman, Esq.
McGlinchey Stafford
112 West 34th Street, Suite 1403
New York, New York 10120
T: (646) 362-4053
F: (646) 365-7539
E: johman@vanfeliu.com

Monica P. McCabe, Esq.
Vandenberg & Feliu, LLP
60 East 42nd Street, 51st Floor
New York, New York 10165
T: (212) 763-6800
F: (212) 763-6810
E: mmccabe@vanfeliu.com

*Attorneys for Plaintiff*
*9380671 Canada Inc.*